# United States District Court

FILED
NOV 2 2005
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

__MIDDLE__ DISTRICT OF __ALABAMA__

UNITED STATES OF AMERICA

v.

PRESTON GRICE,
LEEANDORA WOODS,
COREY HARVEY

## CRIMINAL COMPLAINT

CASE NUMBER: 2:05mj 137-W

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __November 1, 2005__, in __Montgomery__ county and elsewhere within the __Middle__ District of __Alabama__ defendant(s) did, (Track Statutory Language of Offense)

knowingly and intentionally possessed with intent to distribute cocaine base,
a Schedule II Controlled Substance,

in violation of Title __21__ United States Code, Section(s) __841(a)(1)__. I further state that I am a(n) __Task Force Officer__ and that this complaint is based on the following facts:
    Official Title

SEE ATTACHED AFFIDAVIT WHICH IS INCORPORATED BY REFERENCE

Continued on the attached sheet and made a part hereof:  ☒ Yes  ☐ No

_Scott Edwards, TFO_
Signature of Complainant

Sworn to before me and subscribed in my presence,

November 2, 2005                                at       Montgomery, Alabama
Date                                                     City and State

Susan Russ Walker, U. S. Magistrate Judge
Name & Title of Judicial Officer                         Signature of Judicial Officer

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
MONTGOMERY, ALABAMA

AFFIDAVIT IN SUPPORT OF ARREST WARRANT

I, Scott Edwards, having appeared before the undersigned United States Magistrate, and having been duly sworn, deposes and states:

I am a Detective with the Special Operations Division, Narcotics Bureau of the Montgomery Police Department, Montgomery, Alabama. I am currently detailed to the Drug Enforcement Administration High Intensity Drug Trafficking Area Task Force (HIDTA). I have ten years of Law Enforcement experience of which the past five and half years have been extensively devoted to narcotics investigations. Your affiant is cross-designated and federally deputized by the United States Drug Enforcement Administration (DEA) which empowers him with authority under Title 21, United States Code. I have written and executed numerous search and seizure warrants for narcotics, dangerous drugs, records, books, and proceeds derived as a result of this illicit activity. Further, I have arrested in excess of one hundred individuals for violations of State and Federal narcotics statutes. I have attended and successfully completed training concerning narcotics trafficking, conspiracies, and money laundering methods that narcotics traffickers employ. The following information has been obtained either through personal observation or from other law enforcement officials.

1. On November 1, 2005, Montgomery, Alabama Police Detective Robert Steelman and DEA SA Neill Thompson received information from a confidential and reliable source (CS). The CS stated Preston GRICE was in possession of a large quantity of cocaine base. The CS told Detective Steelman and SA Thompson GRICE was storing and distributing the cocaine at a residence in Montgomery, Alabama, later discovered to be 589 HOLCOMBE STREET (the residence). The CS further stated that GRICE drove an older model black truck and that another male named Corey, later identified as Corey HARVEY, drove a gold Chevrolet Caprice. The CS stated HARVEY made deliveries of cocaine from the residence. Additionally that a male known only as "Bunky", later identified as Leeandora WOODS, drove a black Cadillac, was present at the residence and was also involved in the distribution of cocaine from the residence. The CS has given narcotics information in the past that has been verified by Detective Steelman and other members of the Montgomery Police Department's Narcotics Bureau. The information given by the CS has led to the arrest of subjects that were in violation of the State of Alabama Narcotics code.

2. Detective Steelman and other agents from the Montgomery Police Department's Narcotics Bureau and the Montgomery High Intensity Drug Trafficking Task Force (HIDTA) conducted surveillance of the residence. The agents observed a black Cadillac GTS parked in the driveway and a black pickup truck parked in front of the residence in the street. A short time after surveillance was established agents observed WOODS exit the residence carrying an unknown object and leave in the Cadillac.

3. The agents maintained surveillance of the Cadillac and contacted a Montgomery Police Department marked unit to conduct a traffic stop. The vehicle was stopped on Lark Drive and WOODS was the sole occupant of the vehicle. WOODS gave the officers permission to search the vehicle. When Detective Tommy Conway arrived, with his narcotics detection canine (NDC) "Luke", and began a search of the vehicle, WOODS fled on foot. After a short foot pursuit WOODS was taken into custody.

4. "Luke" alerted to the center console area of the vehicle. Detective Conway retrieved several plastic bags containing approximately 400 grams of suspected crack cocaine, powder cocaine and marijuana from underneath the center console. WOODS was transported to the Montgomery Police Department's Special Operations Division for processing.

5. Agents continuing surveillance at the residence observed HARVEY walk to and from the residence onto the street. A short time later GRICE left the residence in a black mini van. Agents maintained surveillance on this vehicle until a marked unit conducted a traffic stop. GRICE was driving the vehicle and Nathanial WRIGHT was the passenger. GRICE and WRIGHT were transported to the Special Operations Division pending investigation.

6. A short time after GRICE left the residence a black Ford Escort left the residence. Agents maintained surveillance of the vehicle until a marked unit could conduct a traffic stop. When the marked unit activated their emergency equipment the vehicle refused to stop. As the vehicle was traveling north on Goode Street suspected marijuana was being thrown from the passenger side of the vehicle. The vehicle was later stopped and Demetrius MINARD and Ariel WILLIAMS were identified as the occupants of the vehicle. MINARD was driving and WILLIAMS was the passenger. MINARD and WILLIAMS were transported to the Special Operations Division.

7. Based on information received and the events that occurred, Detective Steelman applied for and was granted a search warrant for the residence by the Honorable W. Troy Massey, Montgomery Municipal Court. When agents executed the search warrant HARVEY was sitting on the steps to a residence across the street. Agents approached HARVEY and he stated he lived at 576 Holcombe Street. Agents asked HARVEY if he had a key to 576 Holcombe Street and he stated that he did not.

8. A search of the residence revealed over 800 grams of suspected crack cocaine, approximately 80 pounds of suspected marijuana, assorted firearms, an empty shoulder fired single use rocket launcher and approximately $5,000.00 assorted U.S. currency. The search also revealed several pieces of mail in HARVEY'S name with the address of 589 HOLCOMBE STREET, including a utility bill. HARVEY had a set of keys on his person that included the key to the Chevrolet Caprice parked in the rear of the residence.

9. Agents asked GRICE if he had a key in his possession to the residence. GRICE stated he "doubted it". Agents took the keys obtained from GRICE to the residence and found that one of the keys unlocked the front door.

10. GRICE was read his Miranda Rights and stated he understood them. GRICE stated he and WRIGHT were cooking fish in the residence. Once the fish was finished they left the residence. GRICE also stated HARVEY lived at the residence.

11. HARVEY was read his Miranda Rights and stated he understood them. HARVEY stated he did not live at the residence and had not been there this date. HARVEY was advised of the utility bills located in his name with the address and he stated he got the bills put in his name for Eric (LNU). HARVEY stated the Caprice located behind the residence was his.

12. WOODS was read his Miranda Rights and stated he understood them. WOODS denied being at the residence. WOODS stated he had done the crime and had to do the time.

13. WRIGHT was read his Miranda Rights and stated he understood them. WRIGHT stated he stopped at the residence to see GRICE. WOODS came to the residence and talked with GRICE for a short period of time. WRIGHT stated HARVEY lived at the residence and was in and out of the residence this date. GRICE asked WRIGHT to ride around for a minute and they were then pulled over by the police.

14. A sample of the suspected "crack" cocaine from WOODS' vehicle and the residence was tested for the presence of cocaine. The tests gave a positive result for the presence of cocaine.

Based on the experience and training of your affiant, it is his belief that probable cause exists to arrest Preston GRICE, Lee WOODS, and Corey HARVEY for violations of Title 21, United States Code, Section 841 (a)(1), Possession with Intent to Distribute Cocaine Base. Further that the events occurred within the Middle District of Alabama.

Further your Affiant sayeth naught. I swear under penalty of perjury that the forgoing is true.

_____
SCOTT EDWARDS
TASK FORCE OFFICER
DRUG ENFORCEMENT ADMINISTRATION

Subscribed and sworn to before me
this 2nd day of November 2005.

_____
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE